Filed 5/28/26  P. v. Hudson CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>RESHADD HUDSON,<br>    Defendant and Appellant. | C101921<br><br>(Super. Ct. No. 22FE006481) |

A jury convicted defendant Reshadd Hudson of multiple sex offenses against a minor, and the trial court sentenced him to middle terms for a total of 32 years in prison. On appeal, defendant contends the trial court abused its discretion in imposing the middle terms when he was entitled to the lower terms under Penal Code section 1170, subdivision (b)(6).  We affirm.  Statutory references are to the Penal Code, and rule references are to the California Rules of Court.

## BACKGROUND

Defendant began dating Doe's mother when Doe was 11 years old and later moved into their home and married Doe's mother.  After defendant moved into the home, he frequently assigned Doe chores, including cleaning the kitchen.  While she was cleaning the kitchen, he repeatedly pressed his body against her, front to back.  He also created time schedules for activities such as showers and changing clothes.  When the

1

allotted time expired, he would routinely enter the bathroom while Doe showered or her room while she changed clothes.

Eventually, defendant became the assistant coach of Doe's basketball team. Under the guise of coaching, defendant regularly engaged in sexual contact against Doe. In the home, he forced her to orally copulate him twice, and he orally copulated her once. He told her not to tell anyone and threatened that if she did, no one would believe her, it would break up the family, and she would have to live with her grandmother or in foster care.

Eventually, Doe told her mother, and Doe's mother confronted defendant, who admitted touching Doe. Sometime later, Doe's mother reported defendant to the police. The Sacramento Police Department arranged a pretext call between Doe's mother and defendant. During the call, defendant admitted to touching Doe and having oral sex with her but claimed she initiated it. Defendant said his addiction to receiving oral sex caused his poor judgment.

A jury found defendant guilty of three counts of a lewd and lascivious act by force or fear upon a child aged 12 (§ 288, subd. (b)(1); counts 1 through 3), and two counts of a lewd and lascivious act upon a child between the age of 11 to 13 years (§ 288, subd. (a); counts 4 and 5). It found true the enhancement allegation as to counts 1 through 3 that defendant had substantial sexual contact with a victim under the age of 14 years old (§ 1203.066, subd. (a)(8)). As to all counts, the jury found true the aggravating circumstance allegations that the manner in which the crime was carried out indicated planning, sophistication, or professionalism (rule 4.421(a)(8)), and defendant took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)).

The probation report recommended the middle term of 32 years. The prosecutor did not file a sentencing brief. Defense counsel sought the low term of three years on counts 1 through 3 and the low term of three years on count 4 for a total sentence of 14 years. In support, defense counsel noted defendant received an honorable discharge after

serving in the army from 2011 to 2016, had no criminal record, and admitted his conduct during trial. The probation report included defendant's statement that he had suffered childhood trauma.

The trial court considered the probation report and the general objectives of sentencing under the California Rules of Court. The trial court noted the enhancement allegation and aggravating factors the jury found true beyond a reasonable doubt: that defendant engaged in substantial sexual conduct with Doe; the commission of the offense indicated planning, sophistication, or professionalism; and defendant took advantage of a position of trust. In mitigation, the trial court acknowledged defendant's military service and his minimal criminal record. Although defendant did not provide any supporting evidence, the trial court gave great weight to childhood trauma pursuant to section 1170, subdivision (b)(6), noting with this factor, the statutory presumption for the lower term sentence applied. However, in finding the aggravating factors outweighed those in mitigation, the trial court stated the jury found true beyond a reasonable doubt the aggravating factors, they were numerous, Doe was "very distraught" while testifying, and defendant engaged in substantial sexual conduct. It found that he acted with "sophistication, planning, and some degree of thought and professionalism" and had taken advantage of a position of trust. Accordingly, the trial court found the middle terms appropriate.

The trial court sentenced defendant to 32 years in state prison as follows: six years (the middle term) for a lewd and lascivious act upon a child between the age of 11 and 13 years (count 4), two years (one third the middle term) for a lewd and lascivious act upon a child between the age of 11 and 13 years (count 5), and eight years (the middle term) for each conviction for a lewd and lascivious act by force or fear upon a child aged 12 (counts 1 through 3).

Defendant timely appealed.

## DISCUSSION

Defendant contends the trial court erred in imposing the middle terms on each of his convictions instead of the presumptive lower terms under section 1170, subdivision (b)(6) based on his childhood trauma. He maintains the trial court relied on aggravating factors unsupported by the evidence and failed to give proper weight to those in mitigation. Anticipating possible forfeiture for failing to object below, defendant argues defense counsel was ineffective. To forestall this claim, we address the merits and conclude the trial court acted within its discretion in selecting the middle terms.

We review a trial court's sentencing decisions for abuse of discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) A court also abuses its discretion when it " 'bases its decision on express or implied factual findings that are not supported by substantial evidence.' " (*Gomez v. Superior Court* (2025) 113 Cal.App.5th 671, 687.)

Section 1170 generally provides for midterm sentences. Section 1170 also contains a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense, including if the defendant suffered childhood trauma. (*Knowles, supra,* 105 Cal.App.5th at p. 765; § 1170, subd. (b)(6)(A), (B); see also rule 4.423(b)(3) & (4).)

Rule 4.421 sets forth circumstances in aggravation that a court may consider in sentencing. If a presumptive lower term factor contributed to an offense, the trial court may impose the middle term only if it finds that the aggravating circumstances in rule 4.421 outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

Initially, we reject defendant's argument the trial court's comment that there were numerous aggravating factors demonstrates it did not exercise informed discretion. The jury found true two aggravating factors and an enhancement allegation. The trial court addressed these factors in its detailed ruling. Nothing the trial court said suggests it was relying on additional, unspecified aggravating factors. Accordingly, we conclude the trial court exercised its informed discretion in imposing the middle terms.

We further conclude the trial court did not abuse its discretion in weighing aggravating factors against mitigating factors and imposing the middle term. Defendant argues the trial court improperly relied on these aggravating factors, as his commission of the offenses was not "distinctively worse than the ordinary." To the extent defendant is arguing the trial court abused its discretion by relying on aggravating factors not supported by sufficient evidence, the trial court only had to find the aggravating factors by a preponderance of the evidence. (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 202-205.) The trial court relied on factors the jury found true beyond a reasonable doubt, including that defendant engaged in substantial sexual conduct with Doe, his offenses demonstrated sophistication and planning, and he took advantage of a position of trust. Defendant has not challenged the jury's findings, only the trial court's actions and findings. Therefore, the jury's findings established a sufficient factual basis in support of the aggravating circumstances, and the trial court had "broad discretion in its sentencing determination." (*Id.* at p. 205.)

Exercising its broad discretion, the trial court expressly considered in mitigation defendant's minimal criminal record and military service and gave great weight to defendant's childhood trauma. The trial court also acknowledged that trauma qualified defendant for the presumptive low terms. However, the trial court found the aggravating factors outweighed those in mitigation, overcoming the presumptive low terms and supporting imposition of the middle terms. Defendant has not shown the trial court's

5

decision was arbitrary and capricious, and therefore an abuse of discretion. (*Knowles, supra,* 105 Cal.App.5th at p. 765.)

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
KRAUSE, J.

6